United States District Court
Southern District of Texas
**ENTERED**
April 30, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ADRIANE  BEAMON, | § | |
| | § | |
| **Plaintiff,** | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-02360 |
| | § | |
| MATTHEW  FROLIK, *et al*, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is the Motion to Dismiss Plaintiff's Original Complaint Pursuant to Rule 12(b)(6). (Doc. No. 20). For the following reasons, the Court finds the Motion should be granted.

### I.      Background

In this § 1983 suit, Plaintiff Adriane Beamon ("Ms. Beamon") alleges that Officer Matthew Frolik, Officer Jharyde Dominique Nickerson, and Sergeant Kristen Gallien of the Houston Police Department ("Officer Defendants") violated her constitutional rights by impermissibly assisting in an allegedly unlawful vehicle repossession. (Doc. No. 1). Specifically, Ms. Beamon alleges that, when she protested the repossession of her vehicle, the repossession agents called Officer Defendants, who then "provided substantial assistance" to the agents in violation of her rights by allegedly: a) "reviewing the parties' arguments and documents," and weighing in "as to which party had legal right to the vehicle"; b)"advocating on behalf of [the dealership] and its repossession agents"; and c) "threatening Ms. Beamon with arrest if she did not turn the vehicle over," and then arresting her "until she turned over the keys to the vehicle to [the] repossession agents." (Doc. No. 1, ¶ 28)

Before Ms. Beamon brought this suit, she brought a related suit concerning the same

underlying incident against the repossessing dealership and repossession agents. That suit, *Beamon v. McCall-SB, Inc.* (18-cv-2118), was before the Honorable Vanessa D. Gilmore, who dismissed the action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (No. 18-cv-2118, Doc. No. 37). Judge Gilmore found an absence of subject matter jurisdiction because Ms. Beamon's § 1983 claim against the repossession agents provided "the only arguable basis" for jurisdiction, and Ms. Beamon had not shown that the repossession agents were state actors for purposes of § 1983. *Id.* at 5, 11. In reaching this conclusion, Judge Gilmore necessarily and explicitly rejected Ms. Beamon's argument that the agents' actions could be "fairly attributable to the state" because the agents sought and obtained aid from police officers whose actions rendered the repossession the product of state action. *Id.* Those officers are the Officer Defendants in the case before this Court.

Ms. Beamon filed her notice of appeal in *McCall* on August 19, 2019. Officer Defendants then filed their Motion to Dismiss in the case before this Court on November 4, 2019. (Doc. No. 20). That motion advances several grounds for dismissal, including that Ms. Beamon is collaterally estopped by *McCall* from arguing that Officer Defendants intervened in the repossession in such a manner as to render it the product of state action. (Doc. No. 20, at 13). Ms. Beamon responded to the Motion to Dismiss (Doc. No. 27), but also filed a Motion to Stay Proceedings pending the outcome of the appeal in *McCall* (Doc. No. 22). Ms. Beamon argued that a stay was appropriate because "[i]f the Fifth Circuit reverses the District Court in the *McCall* Action, there will be no basis for collateral estoppel. However, if the Fifth Circuit affirms the District Court, this matter will almost certainly be dismissed by Plaintiff." (Doc. No. 22, ¶29). The Court granted the Motion to Stay Proceedings. (Minute Entry 01/08/2020).

On March 9, 2020, the Court of Appeals for the Fifth Circuit issued an unpublished, one-line per curiam order affirming Judge Gilmore's dismissal in *McCall*. (Doc. No. 36-1). Ms.

Beamon's Motion for Reconsideration was denied April 14, 2020. This Court held a status conference in this case on April 24, 2020 and lifted the stay. At the conference, Officer Defendants argued that the Court should grant their Motion to Dismiss in light of the outcome in *McCall*. The Court agrees that the collateral estoppel effects of *McCall* require dismissal in this case.

## II.    Legal Standard

The doctrine of collateral estoppel provides, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude the relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1990). Collateral estoppel precludes a party from litigating an issue already raised in an earlier action where: (1) the issue at stake is identical to the one involved in the prior action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of that action's final judgment. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571-72 (5th Cir. 2005).

## III.    Analysis

Judge Gilmore's holding that the *McCall* defendants' repossession efforts were not attributable to the state rested directly on her conclusion that the police officers involved—Officer Defendants in the present case—did not act beyond their peacekeeping role, and thus did not provide intervention or aid to the repossession. Judge Gilmore summarized her holding thusly:

> Although the Officers detained Plaintiff in the squad car and considered bringing criminal charges against her, the Officers were acting well within their role as law enforcement officers because Plaintiff caused a disturbance of the peace that was related to, but distinct from, the repossession of the Vehicle.  . . .  Plaintiff has presented no evidence to indicate that the Officers acted outside the scope of their peacekeeping authority. The undisputed evidence shows that Defendants' repossession of the Vehicle is not fairly attributable to the state. The mere fact that the Officers were present and responded to Plaintiff's disturbance of the peace does

not convert Defendants' repossession into a state action.

(No. 18-cv-2118, Doc. No. 37, at 11).

Accordingly, the issue of whether Officer Defendants intervened and aided in the repossession of Ms. Beamon's vehicle in a manner that constituted state action was actually litigated and necessarily decided against Ms. Beamon in *McCall*. Ms. Beamon is estopped from re-litigating the same issue in her § 1983 against Officer Defendants.

## IV.    CONCLUSION

Defendants' Motion to Dismiss Plaintiff's Original Complaint Pursuant to Rule 12(b)(6) (Doc. No. 20) is **GRANTED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, this the 28th day of April, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE